IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 7:18-CR-76-BO-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JESUS NICOLAS RIOS | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded in opposition and the matter is ripe for ruling. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

On December 12, 2018, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On May 22, 2019, the Court sentenced defendant to 120 months' imprisonment. Defendant's current projected release date is December 5, 2026.

On October 26, 2020, defendant filed a *pro se* motion for compassionate release. On October 27, 2020, the Federal Public Defender was appointed pursuant to Standing Order 19-SO-3. On November 12, 2020, defendant, through counsel, filed a memorandum in support of compassionate release. On November 20, 2020, the government filed a response in opposition. On November 25, 2020, defendant, through counsel, replied.

Defendant seeks compassionate release based upon his health conditions and the current COVID-19 pandemic. Specifically, defendant contends his diabetes, hypertension, high blood pressure, high cholesterol, history of tuberculous, and the risk that COVID-19 poses to his health

establishes extraordinary and compelling circumstances to obtain a reduction in sentence. Defendant also cites the conditions within the Federal Bureau of Prisons ("BOP"), the number of inmates within the BOP who have tested positive for COVID-19, his participation in a substance abuse treatment program since being incarcerated, his participation in vocational training since being incarcerated, his panic attacks since being incarcerated, his release plan, and his family circumstances.

The government concedes that defendant has exhausted his administrative remedies and that his diabetes, in conjunction with the current COVID-19 pandemic, presents extraordinary and compelling circumstances. The government opposes release, however, based upon the 18 U.S.C. § 3553(a) factors.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in the sentence or (2) a defendant who is serving a sentence imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

Case 7:18-cr-00076-BO   Document 151   Filed 06/11/21   Page 2 of 4

least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" Id. § 3582(c)(1)(A).

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 994(t). To that end, the Sentencing Commission has defined extraordinary and compelling reasons in terms of four categories of circumstances having to do with a defendant's age, health, and family circumstances, as well as a catch-all provision. U.S.S.G. § 1B1.13, comment. n.1. But, because U.S.S.G. § 1B1.13 applies expressly to the Director of the Bureau of Prisons, the "consistency requirement simply is not implicated" as to motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended by the First Step Act. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (internal quotation and alteration omitted).

In other words, until the Sentencing Commission updates its guidance, a district court is authorized to independently determine whether extraordinary and compelling circumstances exist, and its determination is not constrained by U.S.S.G. § 1B1.13. Id. at 281-84; see also United States v. Zullo, 976 F.3d 228, 236 (2d Cir. 2020). In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

The Court agrees with the government that the § 3553(a) factors caution against relief in this case. The nature and circumstances of the offense were serious. Between March 16, 2017, and October 27, 2017, defendant was involved of the distribution of methamphetamine from

3

California to North Carolina. Defendant was ultimately accountable for the distribution of 5.1073 kilograms of methamphetamine. Defendant also is a recidivist with a prior federal conviction for conspiracy to distribute and possession with intent to distribute methamphetamine. Defendant began committing the instant offense less than two years after he completed supervised release for this prior conviction. Defendant, additionally, has a prior conviction for burglary in which defendant and several other individuals robbed occupants of a residence at gunpoint. Defendant also has performed poorly on supervision and had a term of supervised release revoked.

The Court notes that defendant has taken some positive steps and participated in substance abuse treatment and vocational training while incarcerated on his most recent federal sentence. However, these factors do not convince the Court that a reduction in defendant's sentence is warranted considering defendant's history, the need to provide just punishment, the need to promote respect for the law, and the need to deter future criminal activity. Having reviewed the entire record and considered the relevant factors, the Court concludes that relief under § 3582(c)(1)(A) is not warranted. See United States v. High, 997 F.3d 181, 185-191 (4th Cir. 2021).

## CONCLUSION

Defendant's motion for compassionate release [D.E. 134] is DENIED. The motion to seal [D.E. 146] is GRANTED.

SO ORDERED, this 10 day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE